IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08cv516

| | | |
|---|---|---|
| NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, as successor by merger to Transcontinental Insurance Company; and CONTINENTAL CASUALTY COMPANY, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | MEMORANDUM AND |
| Vs. | ) ) | RECOMMENDATION |
| ELIZABETH ROBERTSON; ROBERT TRAVIS FOX; and NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the court on the Motion to Dismiss filed by defendant Elizabeth Robertson (hereinafter "Ms. Robertson") filed pursuant to Rule 12(b)(7) and Rule 19, Federal Rules of Civil Procedure. In addition, the court has considered - - as it must do in every declaratory judgment action - - whether this matter should be dismissed in accordance with the court's discretionary authority under 28, United States Code, Section 2201.[1] Plaintiffs have timely filed a response and the moving defendants has not filed a reply or given the court notice of her intent

---

[1] Ms. Robertson touches on the court's discretionary authority in the closing substantive paragraph of her brief. Docket Entry #8, at 5-6.

1

not to file a reply within the time provided. See L.Cv.R. 7.1(E). It appearing that the Motion to Dismiss is now ripe for disposition, the undersigned enters the following findings, conclusions, and recommendation.

**FINDINGS AND CONCLUSIONS**

**I.     Background**

Plaintiffs bring this declaratory judgment action under 28, United States Code, Section 2201. Plaintiff seeks a declaration that it has no duty to defend or to indemnify defendant Robert Travis Fox (hereinafter Mr. Fox) in a state negligence action now pending in the North Carolina General Court of Justice, Superior Court Division, Henderson County (hereinafter "the state court action"). Plaintiffs seek from this court a declaration under the subject policy of insurance that Mr. Fox did not have permission from his employer to use the vehicle at the time of the accident, and that plaintiffs are therefore not obligated to provide Mr. Fox with coverage or a defense due to the lack of permissive use.

The state court action has been pending for 17 months and was scheduled for a jury trial during December 2008. This declaratory judgment action was filed in November 2008, a month before the state trial was scheduled to commence. Such state court trial has been continued. Plaintiffs contend that they brought this action in November 2008 because they only learned of the permissive use issue during

depositions taken in April and July 2008. In the state court action, Ms. Robertson alleges that she was injured when her vehicle was struck by a truck being operated by Mr. Fox. The truck was owned by Mr. Fox's employer Imoco, Inc. (hereinafter "Imoco") and Ms. Robertson has named Imoco as a party defendant in the state court action.

In the Motion to Dismiss, Ms. Robertson contends that this action should be dismissed for failure to name a necessary party, Imoco. For the reasons that follow, the undersigned will recommend that the district court decline to exercise its jurisdiction over this declaratory judgment action in favor of its resolution as a motion in the cause or as a related action in state court.[2] Although the court cannot imagine how the named insured could not be a necessary party to an action which seeks to declare rights under a policy of insurance, the undersigned will not reach the issue of whether Imoco is a necessary party inasmuch as it is clear that this action should not be maintained in this court.

---

[2] Ms. Robertson could file a Rule 2.1(d), N.C. General Rules of Practice, motion with the superior court to have the primary case designated as an exceptional case and have it administered by one superior court judge and a second Rule 2.1(D) motion to request that any coverage action be heard by the same superior court judge who will hear the primary case.

## II.     Discussion

### A.     Standard Applicable to Declaratory Judgment Act Claims

The filing of a declaratory judgment action under 28, United States Code, Sections 2201-2202, does not in and of itself confer jurisdiction. Schilling v. Rogers, 363 U.S. 666, 667 (1960); Delavigne v. Delavigne, 530 F.2d 598, 601 (4th Cir.1976). Instead, a district court may entertain a declaratory judgment action before it where the claim amounts to a "case of actual controversy" within the court's diversity jurisdiction. Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 375 (4th Cir.1994), overruled on other grounds, Wilton v. Seven Falls Co., 515 U.S. 277 (1995). The Court of Appeals for the Fourth Circuit has held that a

> declaratory judgment action is appropriate "when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and ... when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." It should not be used "to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted." The Supreme Court explained that, when a related state proceeding is underway, a court considering a declaratory judgment action should specifically consider whether the controversy "can better be settled in the proceeding pending in the state court."This consideration should be guided by a number of factors, including the nature and scope of the state proceeding and "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding...."
>
>     Guided by these general principles--as well as "the same considerations of federalism, efficiency, and comity that traditionally inform a federal court's discretionary decision whether to abstain from

4

exercising jurisdiction over state-law claims in the face of parallel litigation in the state courts"-- the Fourth Circuit has set forth a number of specific factors for district courts to consider. These include: (i) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of "overlapping issues of fact or law" [; and (iv) ] whether the declaratory judgment action is being used merely as a device for "procedural fencing"--that is, "to provide another forum in a race for *res judicata*" or "to achiev[e] a federal hearing in a case otherwise not removable."

Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256-57 (4th Cir. 1996)(citations omitted). In Wilton, supra, the United States Supreme Court reaffirmed Brillhart v. Excess Ins. Co., 316 U.S. 491(1942), where the district court dismissed the action because of ongoing state litigation. According to the Wilton Court, the proposition in Brillhart that was reaffirmed was

> where another suit involving the same parties and presenting opportunities for ventilation of the same state law issues is pending in state court, a district court might be indulging in 'gratuitous interference,' if it permitted the federal declaratory action to proceed.

Wilton, supra, at 283 (citation omitted). The Wilton Court concluded that the district courts possess wide discretion in making these decisions holding as follows:

> [c]onsistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close. In the declaratory judgment context,

5

> the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.

Id., at 288. The appellate court recognized that to whatever extent its decisions implied further restrictions on district court discretion in determining whether to exercise jurisdiction over Declaratory Judgment Act cases, such decisions must yield to the clear decision of the Supreme Court in Wilton. Centennial, supra, at 257-258.

### B. Introduction

This court clearly has subject matter jurisdiction over this claim under Section 1332, and the Western District of North Carolina is an appropriate venue for this declaratory judgment action inasmuch as it would appear that this district is a judicial district in which: (1) any defendant resides, if all defendants reside in the same State; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; and (3) any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(a). Thus, the only issue before the court is whether the district court should exercise its jurisdiction by adjudicating this declaratory judgment action or whether such principle should yield to considerations of practicality and wise judicial administration as provided in Wilton, supra.

### C. *Wilton* Analysis

As discussed more thoroughly above, under the declaratory judgment act federal courts exercise discretion in determining whether to allow such actions to proceed even though the suit otherwise satisfies the requirements of federal subject matter jurisdiction. Id., at 282; Aetna Casualty and Surety v. Alpha Mechanical, Inc., 9 F.Supp.2d 585, 587 (W.D.N.C. 1998). "[A] district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial…." Wilton, supra, at 288. When deciding whether to allow the continuation of a federal action which parallels a state court proceeding, courts consider "whether the controversy can better be settled in the proceeding pending in the state court." Centennial Life Insurance Company v. Poston, 88 F.3d 255, 256 (4th Cir. 1996). The overriding concern is whether "the claims of all parties in interest can satisfactorily be adjudicated in [the state court] proceeding…." Wilton, supra, at 283. The Supreme Court has specifically cautioned and reaffirmed that where there is

> another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in 'gratuitous interference' if it permitted the federal declaratory action to proceed.

Id. (citation omitted).

Without limiting the discretion of the district court, Centennial, supra, this

inquiry is aided by consideration of a number of specific factors. See Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 376 (4th Cir. 1994). These factors include:

    (1)    the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

    (2)    whether the issues raised in the federal actions can more efficiently be resolved in the court in which the state action is pending;

    (3)    whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law; and

    (4)    whether the declaratory judgment action is being used merely as a device for procedural fencing—that is, to provide another forum in a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable.

Id., at 257 (citations and corresponding quotation marks omitted). The undersigned will consider each factor *seriatim*.

    **B.**    **The First Factor: North Carolina's Interest in the Subject Matter of this Declaratory Judgment Action.**

The first factor to consider is the forum state's interest in the subject matter of the declaratory judgment action pending in federal court, which is whether a contract of insurance provides coverage to an insured or one of the insured's employees, the latter of whom appears to be domiciled within the State of North Carolina. North

Carolina has made clear its interest in such insurance policies:

> Generally, an insurance contract "is subject" to the law of the state where the contract was entered. All contracts of insurance on "property, lives, or interests" that have a close connection with North Carolina are deemed to have been entered in this state.

Fortune Ins. Co. v. Owens, 132 N.C.App. 489, 492 (N.C. App.1999)(citations omitted). While the court does not know whether Imoco is a corporate resident of North Carolina or whether it is authorized to do business in this state, it would appear that its employee Mr. Fox does reside in North Carolina and was operating one of Imoco's trucks within the state at the time of the accident. Clearly, North Carolina would have an interest in a policy of insurance under which a truck either was or was not insured while being operated in this state by a resident of this state and injuring another resident of the state.

    **C.**    **The Second and Third Factors: Judicial Efficiency and Court Entanglement.**

As the discussion in the background portion of this Recommendation may indicate, consideration of whether the policy issued requires plaintiff to defend the state court action will require review of the state court Complaint, evidence produced in such case, and may require the examination of witnesses by the court in determining whether or not Mr. Fox had permission to drive the truck. Thus, it is conceivable that even if this court were to promptly enter a decision on the

declaratory judgment action, it could be called on to revisit such decision as the state case evolved through discovery and any amendments to the pleadings. Indeed, a witness may recount his deposition testimony at the time of the state court trial and remember that he did give Mr. Fox permission to drive the truck. While the scope of coverage is certainly important, it appears to be at most a collateral issue capable of resolution in the ordinary course of the North Carolina dispute through motion in the cause or a companion action resolved by the same Superior Court judge

Thus, this action can only dispose of one collateral issue, while the action in state court could be used to dispose of all issues between all interested parties, including the scope of coverage. Further, it appears that this action comes well after the state court action was filed and, most troubling, on the eve of the state court trial even though plaintiffs herein knew of the issue at least seven months earlier. Of even more concern is that the evidence was not uncovered from a third party, but was in possession of its own insured or the employee of the insured, to whom the insurance company plaintiffs had unfettered access since the accident of January 15, 2007. Complaint, at ¶ ¶ 11-12.

The primary concern expressed in Nautilus is not the timing of actions, but as to whether courts are being asked to decide issues *ad hoc*. Efficiency is not always synonymous with speed. The court believes that in the context of Nautilus, which

is further illuminated by both <u>Wilton</u> and <u>Brillhart</u>, efficiency means the efficient use of all court resources. It appears to be undisputed that an issue of agency is already before the state court and while there is certainly a difference between agency and permissive use, permissive use is a close cousin to agency. Common sense would counsel against two courts gearing up to resolve what are likely to be overlapping and entangled issues stemming from the same operative facts.

Piecemeal litigation is particularly draining on scarce judicial resources. Honorable Lacy H. Thornburg, United States District Judge, held in <u>Hartford Casualty Insurance Company v. BB&T Financial Corporation</u>, 131 F. Supp.2d 752 (W.D.N.C 2001), as follows:

> [t]he second and third [Nautilus] factors, along with the prohibition against trying a controversy by piecemeal, are particularly salient. While it is true that this Court could efficiently adjudicate the rights and responsibilities between [the parties to this action], the rights of all of the parties involved in the underlying dispute can be resolved in the single action now pending in South Carolina state court.

<u>Hartford</u>, <u>supra</u>, at 755 (emphasis deleted). Indeed, the entry of a declaratory judgment in this case would likely not be the end of the federal action inasmuch as appeal is always a possibility, which would bring yet another court - - this time in Richmond, Virginia - - to bear on an action that concerns an accident in Henderson County. Considerations of judicial economy, efficiency and federalism weigh

against this court's resolution of the this action during the pendency of the state court action.

**D.     The Fourth Factor: the Race for *Res Judicata*.**

The fourth factor requires consideration of whether the declaratory judgment action is being used merely as a device for procedural fencing—that is, to provide another forum in a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable. Unlike intellectual property litigation, where the race to the courthouse is paramount, Genentech, Inc. v. Eli Lilly and Co., 27 U.S.P.Q.2d 1241 (Fed. Cir. 1993), abrogated on different grounds, Wilton, supra, little significance is given to this fact even where the federal declaratory judgment action was filed prior to the filing of a state declaratory judgment action. Centennial, supra, at 258 ("although the federal action was filed first, we decline to place undue significance on the race to the courthouse door...."). While no parallel declaratory judgment action has been filed in state court, any significance to this action being first filed declaratory judgment action is diminished by the fact that the core negligence action was well underway and on the eve of trial in another forum. See Hartford, supra, at 754. Indeed, the declaratory judgment action could have been filed in the state court at an early stage in the litigation. Thus, there appears to be no race for *res judicata*; however, the filing of this action on the eve of trial of the state court action is

troubling, especially when the state court action has been pending for 17 months. Plaintiffs contention of recent discovery is greatly diminished by the passage of some seven months between discovery of the issue and the bringing of this action.

**E.     Conclusion**

The filing of this action was perfectly reasonable and understandable inasmuch as plaintiffs have a real interest in a determination of whether they have any duty in regard to damages allegedly caused by Mr. Fox, including the obligation to defend. There is no impediment, however, that would prevent them filing a declaratory judgment claim in state court. While plaintiffs may argue that it has filed this action to avoid bias directed to an out-of-state litigant in state court, the court would be unmoved by this argument inasmuch as a declaratory judgment action is an issue for resolution by the Superior Court, which is uniquely qualified to determine whether a contract of insurance, governed by state law, provides coverage.  While plaintiffs have presented an excellent brief, the court simply cannot discount the rationale of the Supreme Court, the Court of Appeals for the Fourth Circuit, and Honorable Lacy H. Thornburg, all of whom have relied upon considerations of practicality and wise judicial administration. Under the Nautilus factors, it is not a question of whether a court "can" resolve an issue but, rather, a question of whether it  "should." The greater interests in comity, deference, and judicial economy require the undersigned

to recommend that this action be dismissed in favor of allowing the honorable courts of the State of North Carolina to resolve this question in context.

**RECOMMENDATION**

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that

(1) the Motion to Dismiss (#7) filed by defendant Elizabeth Robertson be **DENIED** without prejudice; and

(2) that the district court exercise its discretion under 28, United States Code, Section 2201 and decline to exercise jurisdiction over this declaratory judgment action and **DISMISS** this action without prejudice as to bringing a declaratory judgment action in state court as either a motion in the cause or as a companion matter.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **ten** (**10**) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United

States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: February 17, 2009

_____
Dennis L. Howell
United States Magistrate Judge