# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:08CV516

| | |
|---|---|
| NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, as successor by merger to Transcontinental Insurance Company, and CONTINENTAL CASUALTY COMPANY, ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| Vs. ) ) | **ORDER OF DISMISSAL** |
| ELIZABETH ROBERTSON; ROBERT TRAVIS FOX; and NATIONWIDE INSURANCE COMPANY, ) ) ) ) | |
| Defendants. ) ) | |

**THIS MATTER** is before the Court on the Plaintiffs' objections to the Magistrate Judge's Memorandum and Recommendation, and the Defendant Robertson's reply thereto.

Plaintiffs filed this action pursuant to the provisions of 28 U.S.C. § 2201 seeking a declaratory judgment finding that they have "no duty to defend or to indemnify defendant Robert Travis Fox" due to the fact that, at the time of the motor vehicle accident that injured Defendant Robertson,

Defendant Fox "did not have permission from his employer to use the vehicle[.]"  **Memorandum and Recommendation, filed February 17, 2009; Complaint, filed November 13, 2008.**  Defendant Robertson argues that this action should be dismissed due to the Plaintiffs' failure to join a necessary party to the action, Defendant Fox's employer, Imoco, Inc.  **Defendant Robertson's Brief in Support of Motion to Dismiss, filed January 7, 2008 at 2-3.**  The Plaintiffs argue, however, that the question in this action is not the agency relationship between employer/employee, but whether or not Defendant Fox was "a permissive user at the time of the accident."  **Plaintiffs' Response in Opposition to Motion to Dismiss, filed January 26, 2009, at 2.**

A declaratory judgment is appropriate "when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."  *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937) (quotations omitted).  However, it should not be used "to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted."  *Id*.  There is no reason why this action cannot be more

efficiently resolved in the state court where it is currently pending. ***Mitcheson v. Harris*, 955 F.2d 235, 239 (4th Cir. 1992).**

In her motion to dismiss, Defendant Robertson stated that a state court action was filed in the "fall of 2007 [and had] been calendared for trial." **Defendant Robertson's Brief,** *supra***, at 3.** In fact, Plaintiffs filed this action in November 2008, 17 months after the state court action was filed and just one month before the state court trial was scheduled to begin. **Memorandum and Recommendation,** *supra***, at 2.** The parties do not contend that the underlying question of whether Robertson's alleged injuries were caused by the negligent acts of Fox could be determined in this declaratory judgment action. If the jury returns a verdict against the plaintiff in the state action, then this action will have been totally unnecessary.

"[W]here another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference,' if it permitted the federal declaratory action to proceed." ***Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995) (citation omitted).** The Declaratory Judgment Act gives the federal courts the authority to render declaratory

judgments, but does not impose a duty to do so.  ***Public Affairs Assoc., Inc. v. Rickover*, 369 U.S. 111, 112 (1962).**  This does not mean that the Court may decline to exercise its declaratory relief jurisdiction based on a whim or personal disinclination.  ***Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 375-76 (4th Cir. 1994), *overruled on other grounds*, *Wilton*, 515 U.S. 277; *see also*, 12 *James Wm. Moore et al., Moore's Federal Practice*, ¶ 57.40 (3d ed. 1997).**

In this case, giving consideration to the numerous and varied factors involved in making this decision, the Court concludes "the general principle that federal courts should adjudicate claims within their jurisdiction yields to 'considerations of practicality and wise judicial administration.'" ***Moore's, supra*, ¶ 57.41 (quoting *Wilton*, 515 U.S. at 288).**  Comity, federalism, deference, and judicial economy all weigh heavily in reaching an appropriate decision in this case.

After a *de novo* review of the Plaintiffs' objections, the Court finds, for the reasons set forth herein as well as those set forth in the Memorandum and Recommendation, the proposed findings of fact are supported by the record and the proposed conclusions of law are consistent with current case law.  Accordingly, the Plaintiffs' objections are overruled and Court

hereby accepts and adopts the Magistrate Judge's recommendations in this case.

**IT IS, THEREFORE, ORDERED** that the Defendant Elizabeth Robertson's motion to dismiss is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Court, in the exercise of its discretion under 28 U.S.C. § 2201, declines to exercise jurisdiction over this Declaratory Judgment action, and this matter is hereby **DISMISSED WITHOUT PREJUDICE** to refiling a similar action in state court as either a motion in the case of *Elizabeth Robertson v. Robert Travis Fox, et al*., Case No. 07CVS1397, pending in the Superior Court of Henderson County, North Carolina, or as a companion case thereto.

Signed: April 7, 2009

Lacy H. Thornburg
United States District Judge